1  THEODORE C. CHEN, SBN 206647
   Law Offices of Farshad Owji, P.A.
2  473 Jackson Street, Second Floor
3  San Francisco, California 94111
   Telephone:    (415) 693-9583
4  Facsimile:    (415) 693-9584

5  Attorneys for Plaintiff
   MAHSHID KIANFARD
6

7

8             UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11 | MAHSHID KIANFARD            )   No.:   C07-2904 WDB
12 |                             )
   |              Plaintiff,     )
13 |                             )
14 | vs.                         )   **PLAINTIFF'S NOTICE OF**
   |                             )   **MOTION AND MOTION FOR**
15 |                             )   **SUMMARY JUDGMENT;**
   | ALBERTO R. GONZALES, Attorney General of  )   **MEMORANDUM OF POINTS**
16 | the United States, in his Official Capacity;  )   **& AUTHORITIES IN SUPPORT**
   | ROBERT S. MUELLER, Director of FBI, in his  )   **THEREOF**
17 | Official Capacity; MICHAEL CHERTOFF,  )
18 | Secretary of Department of Homeland Security, in  )
   | his Official Capacity; EMILIO T. GONZALEZ,  )   Judge: Hon. Wayne D. Brazil
19 | Director of United States Citizenship and  )   Date:  November 7, 2007
20 | Immigration Services, in his Official Capacity;  )   Time:  1:30 p.m.
   | ROSEMARY MELVILLE, District Director of the  )
21 | San Francisco Citizenship and Immigration  )
   | Services in her Official Capacity;  )
22 |                             )
23 |              Defendants.    )

24                  **NOTICE OF MOTION**

25     TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

26     NOTICE IS HEREBY GIVEN that on November 7, 2007 at 1:30 p.m., or as soon

27 thereafter as counsel may be heard by the above-entitled court, located at Courtroom 4, Third

28

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
1

Floor, United States Courthouse, 1301 Clay Street, Oakland, California, the above-referenced Plaintiff, Mahshid Kianfard, will and does hereby move the court for summary judgment on the ground that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

## MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby moves for summary judgment pursuant to *Federal Rule of Civil Procedure 56(c)*. This motion is based on this Notice, the points and authorities submitted in support of the motion, the complaint and documents attached thereto, declarations of counsel and plaintiff and documents attached thereto, and upon such matters as may be presented to the Court at the time of the hearing.

## STATEMENT OF RELIEF SOUGHT BY PLAINTIFF

Plaintiff seeks summary judgment in her mandamus action for the Court to enter an order requiring Defendants to expeditiously complete the security clearances on Plaintiff's application for adjustment of status and requiring the U.S. Citizenship and Immigration Services (USCIS) to process her application to conclusion. In addition, the Plaintiff prays that the Court grant such other relief that may be just and appropriate, including costs, expenses and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1991).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

On January 18, 2005, the Plaintiff filed with the San Francisco District Office of the USCIS her Form I-485, application to adjust status to lawful permanent resident, concurrently filed with a Supplement A to Form I-485, application for adjustment of status under Section 245(i), and a Form I-130 petition by her US-citizen spouse, Amir Radpour. Plaintiff Mahshid Kianfard's Declaration (Kianfard Declaration), at Exhibit E. On May 11, 2005, she and her husband were interviewed by the USCIS and informed that the application for adjustment of status could not be approved until her FBI name check had cleared. Kianfard Declaration at Exhibit F.

1  The Plaintiff's FBI name check has been pending since April 22, 2005. Kianfard Declaration at <u>Exhibit I.</u> As of the date of the instant filing of the motion for summary judgment, the FBI name check has been pending for a period of over two and half years. At this time, the FBI name check appears to be the only reason for delay in adjudication of the Plaintiff's application for adjustment of status.

## II. <u>ARGUMENT</u>

### A.  Legal Standard for Summary Judgment

*Federal Rule of Civil Procedure 56(c)* provides for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)*. A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id. at 248*. A material fact is "genuine," if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. The burden then shifts to the nonmoving party to establish, beyond the pleadings, and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)* (internal quotation marks omitted).

"'When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Miller v. Glenn Miller Productions, Inc., 454 F.3d 975, 987 (9th Cir. 2006)* (quoting *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir. 2000))*. When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." *Fed. R. Civ. P. 56(e)*

### B. Court has Mandamus and APA Jurisdiction over Plaintiff's Case

#### 1. Mandamus Jurisdiction

*28 U.S.C. § 1361* provides, that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *28 U.S.C. § 1361*. "The common-law writ of mandamus, as codified in *28 U.S.C. § 1361* is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer, 466 U.S. 602, 616*. "A writ of mandamus is appropriately issued only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994)*

#### 2. APA Jurisdiction

"The Administrative Procedures Act (APA) authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 61 (2004)*; *5 U.S.C. § 702*. "'[A]gency action' is defined . . . to include 'the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*.'" *Norton, 542 U.S. at 62* (emphasis in original). When an agency fails to act, the APA provides relief in the form of empowering a court to compel agency action unlawfully withheld or unreasonably delayed. Id. The APA provides relief for a failure to act insofar as it empowers a district court to compel an agency to perform a ministerial or non-discretionary act, or to act on a matter without directing it how to act, so long as the plaintiff has asserted a discrete agency action that it is required to take, if the agency unlawfully withheld or unreasonably delayed in acting on a duty. *Norton, 542 U.S. at 63-65*; see *5 U.S.C. § 555(b)*

### C. Defendants have a Non-Discretionary Duty to Adjudicate Plaintiff's Adjustment of Status Application

The Immigration and Nationality Act ("INA") authorizes "the Attorney General, in his discretion," to adjust to permanent residence status certain aliens who have been admitted into the United States. *8 U.S.C. § 1255(a)*. However, as the government has conceded in at least two similar actions, see *Singh v. Still, 470 F.Supp.2d 1064, 1067 (N.D. Cal. 2007)* and *Gelfer v. Chertoff,* 2007 WL 902382, *2 (N.D. Cal. 2007), while its duty to grant an adjusted status is discretionary, its duty to *process* I-485 applications under *§ 1255* is non-discretionary. See *Aboushaban v. Mueller*, 2006 WL 3041086, *2 (N.D. Cal. 2006) (holding that the duty to adjudicate a plaintiff's I-485 application is non-discretionary).[1]

As such, the Court has subject matter jurisdiction to consider whether the Defendants have unreasonably delayed in performing their non-discretionary duty to adjudicate Plaintiff's I-485 application. See *Wu v.Chertoff*, et al., 2007 WL 1223858, *3 (N.D. Cal. 2007) (holding that a clear and certain right exists to have an immigration status adjustment application adjudicated in a reasonable time frame); *Singh, 470 F. Supp. 2d at 1067* (plaintiffs seeking adjustment of their legal status have a right, enforceable through a writ of mandamus, to have their applications

---

[1] In the instant case, it should not matter jurisdictionally that Plaintiff, who entered the United States without inspection, seeks adjustment of status not on the basis of 8 USC § 1255(a), but rather pursuant to 8 USC § 1255(i), on account of her status as a "grandfathered alien" for whom an immigrant petition had been filed by her lawful permanent resident mother on April 30, 2001, and who was physically present in the United States on December 21, 2000, the date of enactment of the LIFE Act Amendments of 2000. See *Kianfard Declaration* at Exhibits B and C. If an alien proves eligibility for Section 245(i) grandfathered status and pays an additional sum of $1,000 to the Attorney General, "Upon receipt of such an application and the sum hereby required, the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if- (A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed." 8 USC § 1255(i)(2). Based on the immediate relative petition filed by her US-citizen husband along with her application for adjustment of status, it appears that Plaintiff has met all the conditions of eligibility for adjustment of status under Section 245(i).

processed within a reasonable time"); *Gelfer*, 2007 WL 902382 at *2 (the government has a statutorily prescribed duty to adjudicate a petitioner's immigration status adjustment application 'within a reasonable time' under *5 U.S.C. § 555(b)*)

### D. Defendant have Unreasonably Delayed the Processing of Plaintiff's Adjustment of Status Application

"In cases where courts have addressed the specific issue of whether there has been unreasonable delay in processing an immigration status application, courts typically 'look[ed] to the source of the delay--e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding.'" *Singh, 470 F. Supp. 2d at 1068*. What constitutes a reasonable time for adjudicating an immigration application depends on the facts of each case. *Yu, 36 F. Supp. 2d at 935*; see *Yong Tang v. Chertoff*, 2007 WL 1821690,*7 (D. Mass. 2007) (observing that while Congress has not been kind enough to provide a clear statutory benchmark by which the Court can determine when a delay is unreasonable under *5 U.S.C. §§ 555(b)* or *706(1)*, this does not render *5 U.S.C. §§ 555(b)* or *706(1)* null, nor has it stopped courts from finding delays unreasonable in the past).

In assessing the reasonableness of agency delay, courts consider the following factors: "(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Yu, 36 F. Supp. 2d at 934*

USCIS has failed to adjudicate the Plaintiff's adjustment of status application within a reasonable time.   Reasonableness of the delay is factual determination to be determined on a case by case basis. *Yu, 36 F. Supp. 2d at 953*.   While Congress has not set forth a statutory time

limit for adjudication of I-485 applications, the USCIS is required to conclude the matters presented to it within a reasonable time. See *5 U.S.C. §§ 555(b), 706(1)*; see also *8 U.S.C. § 1571(b)* ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . ."). Standard processing times provided by USCIS for adjustment of status applications pending at the San Francisco District Office are 6 months. See *Declaration of Theodore Chen* (Chen Declaration) at Exhibit A.

In a recent mandamus case decided in this District, where a FBI name check caused a delay in processing, the Court granted summary judgment compelling the defendants to adjudicate two I-485 applications. *Singh v. Still*, No. C -06-2458, 2007 U.S. Dist. Lexis 16334 (N.D. Cal. 2007). The Singh court found that the CIS had a duty to process the applications and FBI had a duty to process the name checks within a reasonable time, regardless of who was responsible for the delay. The CIS in that case attempted to place the responsibility for the delay on the FBI's name check, but the court noted that "even if the FBI were largely responsible for the delay as Respondents suggest, its conduct would properly be within the scope of the complaint herein." *Singh*, 2007 U.S. Dist. LEXIS 16334, at *4. This court further noted that "mere invocation of national security is not enough to render agency delay reasonable per se." *Singh*, 2007 U.S. Dist. LEXIS 16334, at *5. In the instant case, defendants have provided no evidence to explain the reason for the delay in the adjudication of Plaintiff's adjustment of status application. Furthermore, any delay by FBI doesn't take away from the CIS' duty to process Plaintiff's application in a reasonable time.

The defendants have a duty to complete the adjudication of Plaintiff's adjustment of status application within a reasonable time.   Plaintiff filed her application on January 18, 2005, over two years and eight months ago. Plaintiff has complied with the eligibilities under the statute, including relevant fingerprinting.   Nor have defendants provided any evidence contrary to plaintiff's claim to have met all the statutory requirements for adjustment of status under Section 245(i). The responsibility for delay rests entirely with Defendants.   Defendants have not

shown that they have made reasonable efforts to complete the I-485 application. Defendants cannot merely hide behind FBI name checks to continue the interminable delay in Plaintiff's application. Absent the court's order, the application is likely to continue pending without decision, and thus, Plaintiff has no other adequate remedy available.

The USCIS Ombudsman reports in his 2007 Annual Report to Congress that the FBI "lacks the resources to perform the function [set by USCIS] in a timely manner." See *Declaration of Theodore Chen* at Exhibit C, pp. 38-39. But Defendants cannot attribute delays in the FBI name check merely to the volume of applications received, or the complexity of the task, because to excuse delay in these circumstances would inequitably shift the costs of an over-taxed system onto Plaintiffs. *Liu v. Chertoff*, 2007 U.S. Dist. LEXIS 61772, at * 21.

Courts have held that defendants cannot escape their statutory duty to adjudicate applications within a reasonable time by simply asserting that they lack the necessary resources to process the applications. A lack of resources is a policy crisis that is not the responsibility of Plaintiffs. Therefore, it would be inequitable for defendants to shift the costs of an over-taxed system onto Plaintiff. See *Yong Tang*, 2007 WL 1821690 at * 9 (see also Konchitsky, 2007 WL 2070325 at *5 (quoting *Yu, 36 F.Supp.2d at 934*) ("'[D]elays of a significant magnitude, particularly when they occur over uncomplicated matters of great importance to the individuals involved, may not be justified merely by assertions of overwork.'")

Plaintiff has been adversely affected by the delay in adjudication for her adjustment of status application, despite the fact that she has met statutory requirements for eligibility. Plaintiff has been damaged by being deprived of a decision for more than two years and eight months; by being unable to plan or pursue a future course of action in the United States due to the pendency of this application; and by repeatedly applying and paying for extensions of employment authorization limited to increments not to exceed one year while her adjustment of status application remains pending. 8 CFR § 274.12(c)(9). Furthermore, Plaintiff's opportunity to apply for naturalization will be further delayed as it requires three years from the date of becoming a permanent resident. Plaintiff has already been married for two years and ten months and has a

child who is one year and eight months old. During the course of her marriage, Plaintiff has not been able to travel to meet her husband's parents, her in laws or her immediate family members.

      Because Plaintiff has a clear right of relief requested, Defendants have a clear duty to adjudicate Plaintiff's adjustment of status application, and no other adequate remedy is available, the relief of mandamus is warranted. The evidence considered in the light most favorable to the government, demonstrate, as a matter of law, that defendants have unreasonably delayed in the processing of Plaintiff's adjustment of status application.

Respectfully Submitted,

/s/

Dated: October 5, 2007

_____
THEODORE C. CHEN
Attorney for Plaintiff